UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

STULZ AIR TECHNOLOGY
SYSTEMS, INC.,

        Plaintiff,

   -against-                         **COMPLAINT**

                                                Case No.

GEORGE J. FIGLIOLIA, YITZCHOK
STARESHEFSKY, STEVEN FIGLIOLIA,
RONALD FIGLIOLIA, JOANNE GARCIA,
LOUIS FIGLIOLIA, JOHN KRUPA, FIDUCIARY
TRUST INTERNATIONAL OF DELAWARE,
as TRUSTEE of FIGLIOLIA FAMILY DYNASTY
TRUST, GJF CONSTRUCTION CORP., BUILDERS
GROUP CONSTRUCTION CORP., G BUILDERS LLC,
BG DEVELOPMENT LLC, BG CONSTRUCTION
LLC and JOHN DOES 1 through 5, being other persons
or entities who own and/or control the named
defendants or are persons or entities through which
said defendants conduct business,

        Defendants.
_____

       Plaintiff, by its attorneys, as and for its Complaint against defendants, alleges the following:

## PARTIES

      1.      Plaintiff Stulz Air Technology Systems, Inc. is a business corporation organized under the laws of the State of Delaware and maintains its principal office in the State of Maryland.

      2.      Defendant George J. Figliolia is a natural person residing in the State of New York, County of Suffolk.

3. Defendant Yitzchok Stareshefsky is a natural person residing in the State of New York, County of Kings.

4. Defendant Steven Figliolia is a natural person residing in the State of New York, County of Nassau.

5. Defendant Ronald Figliolia is a natural person residing in the State of New Jersey, County of Middlesex.

6. Defendant Joanne Garcia is a natural person residing in the State of New York, County of Richmond.

7. Defendant Louis Figliolia is a natural person residing in the State of New York, County of Richmond.

8. Defendant John Krupa is a natural person residing in the State of New Jersey, County of Monmouth.

9. Defendant Fiduciary Trust International of Delaware, as Trustee of Figliolia Family Dynasty Trust, on information and belief is a citizen of the State of Delaware.

10. Defendant GJF Construction Corp. is a business corporation organized and existing under the laws of the State of New York that maintains a principal place of business in the State of New York, County of New York.

11. Defendant Builders Group Construction Corp. is a business corporation organized and existing under the laws of the State of New York that maintains a principal place of business in the State of New York, County of New York.

12. Defendant G Builders LLC is a New York limited liability company whose members, on information and belief, are citizens of states other than Maryland.

13. Defendant BG Development LLC is a New York limited liability company whose members, on information and belief, are citizens of states other than Maryland.

14. Defendant BG Construction LLC is a New York limited liability company whose members, on information and belief, are citizens of states other than Maryland.

15. Defendants John Does 1 through 5 are other persons or entities who own and/or control the named defendants or are persons or entities through which said defendants conduct business. The identities of such other persons and entities are unknown.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action, is situated in this district.

## FACTS COMMON TO ALL CLAIMS

18. Plaintiff is a leading provider of commercial air conditioning equipment and solutions for industry, offices, and data centers.

19. Defendants are a network of individuals and entities between whom there is a unity of ownership and control.

20. Defendants George J. Figliolia ("George"), Steven Figliolia, Ronald Figliolia, Joanne Garcia and Louis Figliolia (the "Figliolia Defendants") are all related by blood or marriage.

21. At all times relevant hereto, defendant Yitzchok Stareshefsky ("Stareshefsky") was the chief financial officer for the defendant companies and defendant John Krupa ("Krupa") was a principal manager with control over the companies.

22. On information and belief, defendants G Builders LLC ("G Builders"), GJF Construction Corp., Builders Group Construction Corp., BG Development LLC and BG Construction LLC are alter egos of and controlled by The Figliolia Defendants, Stareshefsky and Krupa (the "Controlling Defendants").

23. Defendants are engaged in the real estate construction business.

24. George, Stareshefsky and Krupa were indicted in 2010 on grand larceny charges in connection with a construction contract scheme involving false invoices and kickbacks, and pled guilty in 2011.

25. Defendants conduct business through limited liability companies that take on the "G Builders" name and are formed with no or inadequate capitalization.

26. The Controlling Defendants therefore place little or none of their own money at risk.

27. A separate limited liability company is formed for each construction project, and the LCC contracts with the project owner, subcontractors, vendors and suppliers.

28. George in his post-judgment deposition testimony described the limited liability companies as "single or sole source" companies.

29. The LLC have no or minimal assets.

30. On information and belief, ownership of the LLCs is multilayered and includes family trusts including but not necessarily limited to Figliolia Family Dynasty Trust (of whom defendant Fiduciary Trust International of Delaware is Trustee).

31. The Controlling Defendants exercise complete control of the LLCs and operate them without regard to corporate separateness.

32. For the Controlling Defendants, the LLCs offer only upside and are used to commit wrongful acts against creditors, including plaintiff.

33. Defendants, through the LLCs, pay subcontractors, vendors and suppliers only when there is sufficient profit. Insufficient profit means unpaid subcontractors.

34. Because defendants have "no skin in the game," there is no concern over legal retribution from an aggrieved subcontractor.

35. Unpaid subcontractors, who unknowingly contracted with a shell company in the first place, are left without any meaningful recourse and stand to suffer devastating losses.

**G Builders VIII LLC**

36. One of defendants' uncapitalized, "single source" limited liability companies is G Builders VIII LLC ("VIII").

37. Defendants formed VIII to conduct business and contract with parties on a generator repair project in Waltham, Mass.

38. Consistent with their business practices, the Controlling Defendants exercised complete control over VIII and used the LLC to commit wrongful acts against creditors associated with the project, including plaintiff.

39. Defendants formed VIII with no capitalization.

40. The Controlling Defendants therefore placed none of their own money at risk.

41. VIII had no or minimal assets.

42. Stareshefsky formed the LLC simply by making a telephone call to a corporate service, contacting the IRS for a tax identification number, and opening a bank account.

43. No lawyers were involved, and no documentation was prepared except for a bare boned operating agreement.

44. VIII's Operating Agreement identified "G Builders LLC" as its "member" and George as its "manager."

45. Stareshefsky signed the operating agreement on behalf of G Builders LLC.

46. VIII had no commercial (or sub) lease.

47. VIII maintained no general ledger or formal books and records.

48. VIII did not appear to report its own income or file its own tax returns.

49. Revenue earned by VIII on the generator repair project instead appeared to be commingled and flowed upward to and was reported by the Figliolia Family Dynasty Trust.

50. VIII maintained a bank account with Signature Bank, but account activity was minimal.

51. On information and belief, no revenue from its customer on the project was deposited into the VIII account.

52. Instead, revenue was deposited (or at a minimum moved) into a Signature Bank account maintained by and under the control of defendant BG Construction LLC (one of the Controlling Defendants' alter egos).

53. Plaintiff's involvement with VIII started on or about October 25, 2012, when plaintiff accepted a purchase order (Purchase Order No. P12012-07) issued by VIII for

$300,000 worth of air conditioning equipment for use in connection with the generator repair project.

54. Plaintiff sold and delivered the air conditioning equipment to VIII consistent with the purchase order.

55. Plaintiff issued and delivered invoices to VIII for the equipment, which VIII accepted and retained without objection. The invoices totaled $290,924.48.

56. The generator project successfully completed and VIII was paid in full.

57. According to George, because the project was "underbid" and no profit was earned, VIII did not pay plaintiff the balance of $288,424.48 owed.

58. However, VIII did make payments throughout the project to defendants (or affiliates, officers or insiders) for unexplained and undocumented "overhead" and "general requirements" in the aggregate amount of $276,699.

59. The payments were made at the expense of project creditors, including plaintiff.

60. The payments were made with intent to harm plaintiff and made at a time when VIII was insolvent (with minimal, if any, money in the bank and substantial debt owing on the project).

61. The payments were fraudulent under various provisions of New York's Debtor and Creditor Law.

**Prior Litigation**

62. To recover the $288,424.48 owed, plaintiff commenced an action against VIII in the Circuit Court of Frederick County, Maryland on May 15, 2015 (Case No. 10-C-15-00146 CN).

63. VIII was subject to the jurisdiction of the Court in the Maryland action and was duly served with legal process but did not appear.

64. A judgment was entered by default against VIII on November 19, 2015, awarding plaintiff $435,941.04, plus costs.

65. The Judgment was entitled to preclusive effect in this Court pursuant to the provisions of the Full Faith and Credit Statute, 28 U.S.C. § 1738, and principles of *res judicata*.

66. Plaintiff commenced an action against VIII in this Court on April 26, 2016 (Case No. 2016-cv-3091(ER)) seeking recovery not only under the good faith and credit statute, but also on theories of goods sold and delivered, breach of contract and account stated.

67. Plaintiff obtained a judgment by default on July 1, 2016 in the amount of $435,941.04, plus interest at 10% per annum from November 19, 2015 and costs, for a total judgment of $463,140.69 (the "Judgment").

68. No part of the Judgment has been paid and plaintiff has been unsuccessful in locating assets against which to enforce the Judgment.

69. Plaintiff has diligently pursued post-Judgment discovery, but VIII and George, to whom subpoenas were issued, were uncooperative and noncompliant.

70. As a consequence of their intransigence, VIII and George were held in contempt of court and ordered to pay plaintiff's attorneys' fees as well as a court fine.

71. Plaintiff now seeks to hold defendants accountable, jointly and severally, for the Judgment or alternatively, for the fraudulent transfers VIII made during the construction project.

72. The Controlling Defendants (and their alter ego corporations) exercised complete control over VIII, disregarded any allusion of corporate separateness, and abused the LLC form to commit a wrong against creditors, including plaintiff.

73. Defendants should be treated as a single personality together with VIII and held accountable, jointly and severally, for plaintiff's losses.

### FIRST CLAIM FOR RELIEF

(Joint Liability on Judgment)

74. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 73 above with the same force and effect as if set forth in full herein.

75. By virtue of the foregoing, plaintiff is entitled to judgment against defendants in the amount of $463,140.69 on plaintiff's Judgment, plus interest thereon.

### SECOND CLAIM FOR RELIEF

(Alter Ego / Piercing the Corporate Veil)

76. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 75 above with the same force and effect as if set forth in full herein.

77. The Controlling Defendants exercised complete control over VIII, disregarded any allusion of corporate separateness, and abused the LLC form to commit a wrong against plaintiff.

78. The company defendants and Fiduciary Trust International of Delaware, as Trustee of Figliolia Family Dynasty Trust, are alter egos of and controlled by the Controlling Defendants.

79. Defendants should be treated as a single personality together with VIII and held accountable, jointly and severally, for plaintiff's losses.

80.     By virtue of the foregoing, plaintiff is entitled to judgment against defendants in the amount of $463,140.69 on alter ego and piercing the corporate veil theories, plus interest thereon.

### THIRD CLAIM FOR RELIEF

(Unjust Enrichment)

81.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 80 above with the same force and effect as if set forth in full herein.

82.     Defendants unjustly derived a benefit and enriched themselves at plaintiff's expense by having received $288,424.48 worth of air conditioning equipment without paying for same.

83.     The value of the benefit, now that the balance owed to plaintiff has been reduced to Judgment, should properly be the amount of the Judgment.

84.     It would be against equity and good conscience to allow defendants to retain the benefits derived without being ordered to make plaintiff whole.

85.     By virtue of the foregoing, plaintiff is entitled to judgment against defendants in the amount of $463,140.69 for defendants' unjust enrichment, plus interest thereon.

### FOURTH CLAIM FOR RELIEF

(Goods Sold and Delivered)

86.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 85 above with the same force and effect as if set forth in full herein.

87.     Defendants accepted and retained the air conditioning equipment plaintiff sold and delivered without objection and remitted partial payment to plaintiff on account.

88. The balance owed to plaintiff for goods sold and delivered has been reduced to Judgment.

89. By virtue of the foregoing, plaintiff is entitled to judgment against defendants in the amount of $463,140.69 for goods sold and delivered, plus interest thereon.

### FIFTH CLAIM FOR RELIEF

(Breach of Contract)

90. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 89 above with the same force and effect as if set forth in full herein.

91. The balance owed to plaintiff for breach of contract has been reduced to Judgment.

92. By virtue of the foregoing, plaintiff is entitled to judgment against defendants in the amount of $463,140.69 for breach of contract, plus interest thereon.

### SIXTH CLAIM FOR RELIEF

(Account Stated)

93. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 92 above with the same force and effect as if set forth in full herein.

94. The balance owed to plaintiff for account stated has been reduced to Judgment.

95. By virtue of the foregoing, plaintiff is entitled to judgment against defendants in the amount of $463,140.69 for account stated, plus interest thereon.

### SEVENTH CLAIM FOR RELIEF

(Transfers Made with Actual Intent to Defraud - N.Y. Debtor & Creditor Law § 276)

96. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 95 above with the same force and effect as if set forth in full herein.

97. N.Y. Debtor & Creditor Law § 276 provides that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

98. The payments VIII made during the project to defendants for unexplained and undocumented "overhead" and "general requirements" in the aggregate amount of $276,699 were transfers made with actual intent to harm plaintiff.

99. The transfers were made in violation of N.Y. Debtor & Creditor Law § 276.

100. By virtue of the foregoing, plaintiff is entitled to judgment against defendants in the amount of $276,699, plus interest thereon.

**EIGHTH CLAIM FOR RELIEF**

(Transfers by Person Who is or Will Thereby be Rendered Insolvent -
N.Y. Debtor & Creditor Law § 273)

101. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 100 above with the same force and effect as if set forth in full herein.

102. N.Y. Debtor & Creditor Law § 273 provides that "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

103. At the time of the payments VIII made to defendants purportedly for unexplained and undocumented "overhead" and "general requirements" in the aggregate amount of $276,699, VIII was insolvent.

104. In the alternative, at the time of said payments VIII was thereby rendered insolvent.

105. The payments (transfers) were made without a fair consideration.

106. The transfers were made in violation of N.Y. Debtor & Creditor Law § 273.

107. By virtue of the foregoing, plaintiff is entitled to judgment against defendants in the amount of $276,699, plus interest thereon.

### NINTH CLAIM FOR RELIEF

(Transfers by Persons in or about to Engage in Business -
N.Y. Debtor & Creditor Law § 274)

108. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 107 above with the same force and effect as if set forth in full herein.

109. N.Y. Debtor & Creditor Law § 274 provides that "[e]very conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuation of such business or transaction without regard to his actual intent."

110. At the time of the payments VIII made to defendants for unexplained and undocumented "overhead" and "general requirements" in the aggregate amount of $276,699, VIII was engaged or was about to engage in a business or transaction for which the property remaining in its hands after the transfers was an unreasonably small capital.

111. The payments (transfers) were made without a fair consideration.

112. The transfers were made in violation of N.Y. Debtor & Creditor Law § 274.

113. By virtue of the foregoing, plaintiff is entitled to judgment against defendants in the amount of $276,699, plus interest thereon.

### TENTH CLAIM FOR RELIEF

(Transfers by Persons About to Incur Debts - N.Y. Debtor & Creditor Law § 275)

114. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 113 above with the same force and effect as if set forth in full herein.

115. N.Y. Debtor & Creditor Law § 275 provides that "[e]very conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors."

116. At the time of the payments VIII made to defendants for unexplained and undocumented "overhead" and "general requirements" in the aggregate amount of $276,699, VIII intended or believed that it would incur debts beyond its ability to pay as they mature.

117. The payments (transfers) were made without a fair consideration.

118. The transfers were made in violation of N.Y. Debtor & Creditor Law § 275.

119. By virtue of the foregoing, plaintiff is entitled to judgment against defendants in the amount of $276,699, plus interest thereon.

### ELEVENTH CLAIM FOR RELIEF

(Aiding and Abetting Fraudulent Transfers)

120. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 119 above with the same force and effect as if set forth in full herein.

121. Defendants exercised complete control over VIII, disregarded any allusion of corporate separateness, and abused the LLC form to commit a wrong against plaintiff.

122. Defendants had knowledge of and substantially assisted in (effectively as transferor and transferee) VIII's fraudulent transfers of funds to defendants (or affiliates, officers or insiders) for unexplained and undocumented "overhead" and "general requirements" in the aggregate amount of $276,699.

123. The transfers, made in violation of N.Y. Debtor & Creditor Laws §§ 276, 273, 274 and 275, were made to and for defendants' benefit.

124. By virtue of the foregoing, plaintiff is entitled to judgment against defendants in the amount of $276,699, plus interest thereon.

## TWELFTH CAUSE OF ACTION

(Attorneys' Fees - N.Y. Debtor & Creditor Law § 276-a)

125. Petitioner repeats and re-alleges each and every allegation contained in paragraphs 1 through 124 above with the same force and effect as if set forth in full herein.

126. N.Y. Debtor & Creditor Law § 276-a provides that "[i]n an action or special proceeding brought by a creditor . . . to set aside a conveyance by a debtor, where such conveyance is found to have been made by the debtor and received by the transferee with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, in which action or special proceeding the creditor . . . shall recover judgment, the justice or surrogate presiding at the trial shall fix the reasonable attorney's fees of the creditor . . . and the creditor . . . shall have judgment therefor against the debtor and the transferee who are defendants in addition to the other relief granted by the judgment. . . ."

127. Defendants and each of them are parties to the transfers made by VIII and received by defendants with actual intent to hinder, delay or defraud creditors, including plaintiff.

128. Defendants accordingly are liable for plaintiff's attorneys' fees.

WHEREFORE plaintiff demands judgment against defendants as follows:

A. On the First Cause of Action for Joint Liability on Judgment in the amount of $463,140.69 plus interest thereon;

B. On the Second Cause of Action for Alter Ego / Piercing the Corporate Veil in the amount of $463,140.69 plus interest thereon;

C. On the Third Cause of Action for Unjust Enrichment in the amount of $463,140.69 plus interest thereon;

D. On the Fourth Cause of Action for Goods Sold and Delivered in the amount of $463,140.69 plus interest thereon;

E. On the Fifth Cause of Action for Breach of Contract in the amount of $463,140.69 plus interest thereon;

F. On the Sixth Cause of Action for Account Stated in the amount of $463,140.69 plus interest thereon;

G. On the Seventh, Eighth, Ninth and Tenth Causes of Action, pursuant to N.Y. Debtor and Creditor Law § 278, setting aside the transfers VIII made to defendants in the aggregate amount of $276,699 plus interest thereon to the extent necessary to satisfy plaintiff's Judgment or, in the alternative, awarding plaintiff damages against defendants to the extent the transfers are voidable;

H.  On the Eleventh Cause of Action for Aiding and Abetting VIII's fraudulent transfers in the amount of $276,699 plus interest thereon;

I.  On the Twelfth Cause of Action awarding plaintiff its reasonable attorneys' fees; and

J.  Awarding plaintiff such other, further, and different relief, including any other relief which the Court has the power to award under N.Y. Debtor and Creditor Law § 278, as the Court deems just and proper, plus the costs and disbursements of this action.

Dated: New York, New York
April 26, 2018

LAW OFFICES OF BERNARD D'ORAZIO
& ASSOCIATES, P.C.

By:  ___s/ Bernard D'Orazio___
Bernard D'Orazio, Esq.
Attorneys for Plaintiff
100 Lafayette Street-Suite 601
New York, New York 10013
(212) 608-5300
bdorazio@dorazio-law.com